UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

BLANCA I. VÁZQUEZ-BURGOS, NADIANET GUADALUPE-SANTOS, MARGARITA RODRÍGUEZ-GRAU, BLANCA I. OLIVO-MIRANDA, MARIA M. RIVAS-MIRANDA, REBECCA ORTIZ-ORTIZ, LUISA A. ACEVEDO-RIVERA, NILSA A. MIRANDA-ROSARIO, FELICITA RIVERA-CRUZ, NANCY M. ORTIZ-LORENZANA, MYRTA SERRANO-CRUZ, ALBA FIGUEROA-OTERO, WANDA I. VÁZQUEZ-BURGOS,

    Plaintiffs,

    v.

JUAN JOSE RODRÍGUEZ-PÉREZ, BLANCA L. AYALA-RAMOS, REINALIZ MIRANDA-MONTES, MUNICIPALITY OF CIALES, JOHN DOE, JANE DOE, JESUS RESTO-RIVERA,

    Defendants.

Civil No. 13-1701 (JAF)

## **OPINION AND ORDER**

This is a case about contractual employees of a municipality whose contracts were continuously renewed over as many as eleven years.[1] The practice is in contravention with mandates of personnel law that require employees to be either career employees or trust employees, and which intend that only temporary services be filled by contract employees who have no expectation of continued employment. Continued renewals such as these create de-facto career employees with expectations of continued employment.

---

[1] See our Opinion and Order on the motions to dismiss (Docket No. 67) for a longer explanation of the parties and claims in this case. Plaintiffs were employed at the Municipality's Child Care Center program and the Municipality's Even Start program, where they served as child care providers, teachers' aides, teachers, and secretaries.

The parties have only raised the defense of qualified immunity in a tenuous fashion. The issue was never confronted squarely at the beginning of this case. In their motions to dismiss, Defendants failed to raise a qualified immunity defense. (Docket Nos. 35, 47.) In their individual answers, Defendants added one sentence apiece that they were "entitled to qualified immunity" with no further explanation. (Docket Nos. 60, 62, 63, 64, 65.) At the end of their summary judgment motions, several defendants tacked on boilerplate language about qualified immunity without relation to the facts of this particular case. (Docket No. 88 at 26-28; Docket No. 89 at 19-22.) Defendant Rodríguez-Pérez also claimed "qualified immunity" stating that he terminated Plaintiffs for non-political reasons. (Docket No. 88 at 28-29.)

In open court, we decided the summary judgment motions and motions for reconsideration because we became convinced that there are issues of fact that must be tried in this case. Attorneys confirmed the date for trial. Then -- less than two weeks before trial -- several defendants filed a notice of interlocutory appeal on the issue of qualified immunity. (Docket Nos. 189, 190.) Those defendants requested a stay of all proceedings in the case (Docket No. 191) and other defendants filed another motion for reconsideration of our ruling (Docket No. 194.)

We first note that "the defense of qualified immunity may be deemed to have been waived if it is not raised in a diligent manner during the post-discovery, pre-trial phase." *Guzman-Rivera v. Rivera-Cruz*, 98 F.3d 664, 668 (1st Cir. 1996). We believe that this defense was not diligently raised and was, therefore, waived. However, to be thorough, we address it here.

In the First Circuit, we must ask two questions to determine whether qualified immunity applies. First, we must ask "whether the facts, taken most favorably to the party opposing summary judgment, make out a constitutional violation," and second, we must ask "whether the violated right was clearly established at the time that the offending conduct occurred." *Ford v. Bender*, 768 F.3d 15 at 23 (1st Cir. 2014). A right is clearly established if "the contours of the right, in general, were sufficiently clear, […and if…] under the specific facts of the case, a reasonable defendant would have understood that he was violating the right." *Id.* Defendants cannot in good faith argue that the law was unclear about whether government employees who had nothing to do with policy-making could be terminated for political reasons. The First Circuit cited cases from 2011 and 2008 when it reiterated last year that "The First Amendment therefore bars government officials from taking adverse employment action on the basis of a person's political affiliation unless political affiliation is an appropriate requirement for the position." *Garcia-Gonzalez v. Puig-Morales*, 761 F.3d 81, 92 (1st Cir. 2014) (internal citations omitted).

Our summary judgment ruling is not subject to interlocutory appeal because it hinges on an issue of fact. The First Circuit has ruled that "a district court's pretrial rejection of a qualified immunity defense is not immediately appealable to the extent that it turns on either an issue of fact or an issue perceived by the trial court to be an issue of fact." *Rivera Torres v. Ortiz Velez*, 341 F.3d 86, 96 (1st Cir. 2003). We note that Defendants have made no specific arguments as to why the law was unclear, but rather allege that the Plaintiffs were fired for non-political reasons. This is an issue of fact

which must be resolved at trial.  We are more than convinced that this case is completely a matter of factual dispute.

Defendants' latest motion for reconsideration makes no new arguments and contains no citations to either the law or the record.  (Docket No. 194.)  We deny that motion as well.

For the foregoing reasons, Defendants' motions to stay the proceedings (Docket No. 191) and for reconsideration (Docket No. 194) are **DENIED**.

The Court of Appeals shall be notified of this Order.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 9th day of April, 2015.

                                                                S/José Antonio Fusté
                                                                JOSE ANTONIO FUSTE
                                                               U. S. DISTRICT JUDGE